IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

KENNETH D. STROUD,            )
                              )
        Plaintiff,            )
                              )
vs.                           )   CIVIL ACTION NUMBER
                              )
xpedx, et al.,                )   98-C-1854-S
                              )
        Defendant.            )

## MEMORANDUM OPINION DENYING
## MOTION FOR LEAVE TO AMEND

Under the Scheduling Order entered in this case, the defendant was obligated to amend its pleadings by December 31, 1998, if it chose to do so. The defendant has now moved the court to amend its answer. For the reasons which follow, the motion will be denied.

I

The plaintiff was employed by the defendant's predecessor, Dillard Paper Company, from June 1995 until he was terminated in late 1997. On December 5, 1995, Bradford Health Services, an alcoholism and drug treatment center, advised Dillard that the plaintiff had been admitted to its residential chemical dependency (i.e., drug) program; and that if Dillard needed any further information, it should contact Bradford. When the plaintiff was deposed on December 17, 1998, he verified that he had received drug treatment at Bradford.

Because of the plaintiff's failure to timely execute a medical release, his treating physician at Bradford, Dr. Sarah Casto Rochester, was not deposed until May 17, 1999. Dr. Rochester confirmed that the plaintiff had been treated for a serious crack cocaine and marijuana dependency in 1995.

According to the Complaint, the plaintiff initially worked at Dillard's Montgomery, Alabama location. He transferred to the Birmingham location in October 1996. The Court assumes, based on the oral arguments, that prior to the transfer, he completed the drug treatment program. The parties admit that there is not evidence of a drug problem after the plaintiff completed the program. The plaintiff's Complaint relates to alleged unlawful employment practices at the Birmingham location.

Based on the Rochester deposition, the defendant alleges that it "...may have an affirmative defense based on the 'after acquired evidence' doctrine concerning Plaintiff's violation of Defendant's Drug and Alcohol Policy during his employment with defendant." Motion, at 3 ¶ 9.

This case is now ready for trial. The defendant has known of the plaintiff's drug problem since 1995 - long before he was terminated. The Rochester deposition did not yield "after-acquired evidence;[1] rather, it simply confirmed what the defendant well knew when the termination decision was made and when this lawsuit was filed.

---

[1] See McKennon v. Nashville Borner Publishing Company, 513 U.S. 352, 115 S.Ct. 879 (1995); Wallace v. Dunn Construction Company, Inc., 62 F.3d 374 (11th Cir. 1995).

2

The insertion of the "after-acquired evidence" affirmative defense would unduly delay the ultimate resolution of this case. If it is allowed, the discovery period must be reopened to give both parties an opportunity to develop evidence. Moreover, there is no evidence to support a defense that the plaintiff's performance at the Birmingham location was adversely impacted by unlawful drug use.

Under all the circumstances, the court is not inclined to grant the Motion to Amend.

By separate order, the Motion will be denied.

DONE this _30th_ day of June, 1999.

                                                      UNITED STATES DISTRICT JUDGE
                                                               U. W. CLEMON